FILED
United States Court of Appeals
Tenth Circuit

April 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATHAN ANDREW LAIDLEY, on
his own behalf and on behalf of a class
of others similarly situated,

     Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, a
Colorado municipal corporation,

     Defendant-Appellee.

No. 11-1339
(D.C. No. 1:10-CV-03140-WDM-
BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **MATHESON**, Circuit Judges.


After citing Nathan Laidley for driving without a license, a Denver police

officer arranged to have his car towed in accord with Section 54-811 of the city's

municipal code. Although Mr. Laidley doesn't know what happened to his car, he

claims he never received it back and presumes it was forfeited. He notes that at

the time of his traffic stop Section 54-813(c) of the municipal code (since

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

repealed) required the owners of certain impounded vehicles to pay a $2,500 bond or face the prospect of having them auctioned off with the city keeping the proceeds.

Eventually Mr. Laidley brought this 42 U.S.C. § 1983 lawsuit against Denver, arguing that the city violated his Fourth Amendment rights by towing his car and his Fourteenth Amendment rights by forfeiting it. At summary judgment, the district court held that the towing of Mr. Laidley's car was a valid Fourth Amendment seizure under the "community caretaking" doctrine but declined to assess whether a Fourteenth Amendment violation occurred after the impoundment. It declined to do so because, it said, Mr. Laidley had not provided sufficient evidence that his car was, in fact, auctioned off.

We agree with the district court's analysis of Mr. Laidley's Fourth Amendment claim. Under the community caretaking doctrine, police officers may "seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience." *See South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976). It follows that officers, at least sometimes, will be justified in towing cars after citing someone for driving without a license. After all, a cited driver can't expect to continue to drive his car without a license, and often it will be unreasonable to leave the car at the site of the traffic stop. Of course, there may be some situations in which towing won't qualify as a reasonable seizure under the Fourth Amendment. *See United States v. Duguay*, 93 F.3d 346, 353-54 (7th

Cir. 1996) (holding that the community caretaking doctrine doesn't apply where the owner can "provide for the speedy and efficient removal of the car."). But Mr. Laidley nowhere argues or provides any evidence suggesting that the towing of his car was objectively unreasonable under the circumstances in his case.

Instead, he claims that the officers involved weren't *motivated* by community caretaking concerns and that they instead towed his car for the purpose of forfeiting it and securing auction proceeds for the city. Opening Br. at 19; Reply Br. at 2. But this is insufficient to establish a Fourth Amendment violation. "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify the action. The officer's subjective motivation is irrelevant." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (quotation and alteration omitted). Mr. Laidley's failure to argue that the towing of his car was not *objectively* justified under the community caretaking doctrine (whatever any officer's actual motivations happened to be) unavoidably spells the end to his Fourth Amendment claim.

That leaves us with Mr. Laidley's Fourteenth Amendment substantive due process challenge to the forfeiture of his car under Section 54-813(c). Mr. Laidley objects to the district court's conclusion that he failed to produce evidence his car was auctioned off. He notes that his complaint alleged that Denver police "convert[ed]" his car and he argues that this should have been

enough. Alternatively, he claims, he should have been permitted at least the chance to amend his complaint to add further factual detail.

But even assuming Mr. Laidley is right and the district court erred in faulting him for failing to supply more evidence that his car was auctioned off, we must still affirm on a separate ground fully briefed before the district court. We must because, even *accepting* Mr. Laidley's allegation that his car was forfeited, he has still failed to state a claim as a matter of law under the Fourteenth Amendment.

As his counsel clarified at oral argument, Mr. Laidley is not challenging Section 54-813(c) as invalid under the Fourteenth Amendment. Instead, he argues that we should hold the forfeiture ordinance invalid as a matter of *state* law and then proceed to hold that the officers' decision to enforce what (later) turned out to be an invalid ordinance under state law violated his *federal* substantive due process rights. To prevail on this theory, a theory challenging executive action, Mr. Laidley must demonstrate that the forfeiture of his car "shocks the conscience." *See Dias v. City & County of Denver*, 567 F.3d 1169, 1182 (10th Cir. 2009) (distinguishing between executive and legislative actions for the purpose of substantive due process analysis); *County of Sacramento v. Lewis*, 523 U.S. 833, 847 & n.8 (1998).

And this he has failed to do. As best we can discern, Mr. Laidley proceeds on the assumption that the enforcement of a municipal ordinance invalid under

state law (though not yet held to be so) must automatically and necessarily constitute a conscience-shocking violation of the Fourteenth Amendment. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss or for Summ. J. at 6 ("Some Fourteenth Amendment [cases] . . . require that a court's conscience be 'shocked' before a substantive due process claim will be permitted. Assuming the requirement applies . . . it is met - where the Complaint alleges a scheme by the City to snatch and forfeit citizens' cars without legal authority [under state law] to do so."). But that assumption is simply in error. Even clear violations of state law do not automatically or necessarily rise to the level of substantive due process violations. A great deal more is required. As the Supreme Court has explained, substantive due process is not "a font of tort law" supplanting or duplicating state law but is reserved for "patently egregious" conduct. *Lewis*, 523 U.S. at 848, 850 (internal quotation marks omitted); *see also Rector v. City & County of Denver*, 348 F.3d 935, 947-48 (10th Cir. 2003) (allegation that a municipal ordinance violates state law, "[e]ven if true," does not automatically "amount to a violation of federal due process protections"). And Mr. Laidley has not shown that the facts of his case, even if they amount to a violation of state law, meet the Constitution's much higher standard.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge